EDYTHE LARSON ET AL., APPELLEES, v. CENTRAL NATIONAL
FIRE INSURANCE COMPANY, APPELLANT.

FILED OCTOBER 30, 1915.    No. 18352.

1. **Appeal:** PLEADING: IMMATERIAL MATTER.    Where a petition alleges matter clearly immaterial to the real issue in the case, and the defendant, instead of moving to strike such immaterial matter, specifically answers thereto, it is not error to strike such immaterial matter from the answer, and, in the absence of a motion so to do, fail to also strike the immaterial matter from the petition; and the admission of evidence to support such immaterial matter in the petition will not constitute reversible error, unless it appears from the record that defendant was prejudiced thereby.

2. **Insurance:** APPEAL: SUFFICIENCY OF EVIDENCE.    The evidence examined, and set out in the opinion, *held* sufficient to sustain the verdict.

3. ——: ——: Proofs of Loss: Sufficiency of Evidence. The evidence as to the furnishing of proofs of loss, set out in the opinion, examined, and *held* sufficient to show that such proofs of loss were furnished.

4. Appeal: Rulings on Evidence. Rulings of the trial court on the admission or exclusion of evidence are largely within the discretion of the court, and error in such rulings is not ground for reversal, unless it appears from the record that the party complaining was injured thereby.

Appeal from the district court for Otoe county: Harvey D. Travis, Judge. *Affirmed.*

*John C. Watson* and *Max M. Cohn*, for appellant.

*Fred P. Marconnit* and *Livingston & Heinke, contra.*

Fawcett, J.

From a judgment of the district court for Otoe county, in favor of plaintiffs, for loss and damage by fire to a stock of merchandise, defendant appeals.

The petition is substantially in the usual form in an action upon a fire insurance policy for loss and damage by fire. There is this difference: The petition alleges that on July 9, 1912, plaintiffs, having made an agreement to sell the stock of merchandise to one Blanche Ball, obtained from defendant's agent a policy in the name of Miss Ball for $1,700; that Miss Ball failed to complete her contract for the purchase of the stock, and thereupon plaintiffs surrendered the policy issued in her name to defendant's agent, and obtained in lieu thereof a policy to themselves for the same amount. In its answer defendant specifically answered the allegations of the petition in relation to the transaction with Miss Ball. On motion of plaintiffs that portion of defendant's answer was stricken. This is assigned as error. The court should have stricken this part of the answer, and also the paragraphs of the petition to which it related, as neither the allegations of the petition nor that portion of the answer relating thereto were in any manner material to the real issue in the case, which must stand or fall upon the second policy issued to plain-

tiffs themselves. As this entire portion of the pleadings was immaterial and irrelevant, we do not think error can be predicated on any action of the court in relation thereto.

The answer of the defendant, with the allegations in relation to the Ball policy eliminated, pleads but two defenses: First, a general denial of every allegation in the petition not specifically admitted; and, second, that at the time plaintiffs obtained the policy in suit, which the defendant alleges was on July 22, 1912, they knowingly, falsely and fraudulently represented to the agent of defendant that the stock of merchandise, upon which the insurance was desired, was of the value of $2,500, that the stock was of the value of not to exceed $300, and that by reason of such fraud and false statements the policy of insurance was and is wholly void. The reply was a general denial.

The brief of defendant contains a large number of assignments of error, but under the well-settled rule in this court we will consider only those argued. The first point argued is the alleged error of the court in striking the two paragraphs of the answer above referred to. What we have already said disposes of that contention. The next point is the insufficiency of the evidence as to the value of the property destroyed and damaged. The evidence upon this point is quite meager. It depends upon the testimony of plaintiff Edythe Larson. She testified that she knew the value of the stock. "Q. Just tell the jury what the value of it was. A. Well, we considered it worth between $1,800 and $1,900 cash." She then explained that she meant the wholesale price. "Q. You mean to say that this stock, without the freight or expressage added, was worth somewhere from $1,800 to $1,900? A. Yes, sir; there was a mistake made in the invoice of $100. There was some braid and some things that were never invoiced. They were worth, I should judge, between $35 and $50." Two witnesses were introduced by defendant on the question of value, but all they knew about the stock was what they could see upon making an examination after the fire. They

were unable to state the quantity of goods on hand when the fire occurred. One of the witnesses testified that portions of the stock which she saw were somewhat out of style, and gave it as her estimate that the stock for this reason would be depreciated 50 per cent. The other witness testified that the spring hats were in style; that everything was burned and damaged. She did not testify as to any depreciation. The jury returned a verdict for $1,000. In the light of this testimony, which is not as clear as it seems to us it might have been made, we cannot say that the evidence is insufficient to sustain the verdict. The allegation that plaintiffs, at the time they obtained the policy in suit, fraudulently represented the value of the property is not sustained by the evidence.

The next point urged is that plaintiffs failed to prove the furnishing by them, or waiver by defendant, of proofs of loss. In their petition plaintiffs pleaded that on July 29, which would be six days after the fire occurred, a general agent or adjuster of the defendant visited Nebraska City and inspected the loss, and at that time fraudulently and surreptitiously gained possession of the policy and carried it away with him, and that since that time the policy has been continuously in the possession of the defendant, and for that reason plaintiffs could not set out a copy thereof in their petition. The answer of the defendant fails to plead the terms and conditions of the policy. We are therefore not advised by the pleadings as to whether or not the policy stipulated that furnishing of proofs of loss should constitute a condition precedent to an action thereon for any loss sustained. Waiving that point, and assuming that the policy did contain such a stipulation, defendant's point must fail, for the reason that the petition alleges that plaintiffs furnished notice and proof of the loss of the goods insured to the defendant, and the testimony of plaintiff Edythe Larson is that proofs of loss were sent by plaintiffs to the defendant to its Chicago office. This testimony is not contradicted, nor is there pleading or proof offered by defendant that the proofs were not re-

ceived, that they were insufficient, or that they were not furnished in due time.

It is next urged that the jury by the verdict allowed an attorney's fee. This is not sustained by the record. It is next urged that the verdict was a "quotient verdict." There is nothing in the record to sustain this contention. A number of assignments are directed against rulings of the court in the admission and exclusion of evidence. We will not enter upon a discussion of these assignments, for the reason that some of the rulings assailed were proper, and others, while not strictly proper, were not of a character that could in any manner have prejudiced the defendant. It is next urged that the court erred in its first instruction to the jury in stating the amount for which plaintiffs prayed judgment, and in adding "and a reasonable attorney's fee for the services of their attorneys herein, to be determined by the court." That could not have prejudiced the defendant, as it expressly withheld from the jury the determination of that question, and the journal entry of the judgment shows that even the court did not allow any attorney's fee.

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.